### Flora M. Reichert, Administratrix, Appellee, v. J. C. Carr, Executor, Appellant.

### Gen. No. 5,820.

1. EXECUTORS AND ADMINISTRATORS, § 307*—*when decree allowing claim cannot be made a lien on real estate.* A decree ordering an executor to pay over a certain amount of money in his hands as executor cannot make such sum a lien on real estate and give complainant execution therefor, when the prayer of the bill does not ask for such lien or execution.

2. APPEAL AND ERROR, § 1818*—*when decision of Supreme Court res adjudicata in subsequent litigation.* Decision of Supreme Court *held* a bar to any subsequent litigation of the question whether a claim against an estate is barred.

Appeal from the Circuit Court of Grundy county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1913. Affirmed in part and reversed in part. Opinion filed October 17, 1913.

. *See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

O'DONNELL, DONOVAN & BRAY and BROWN, BRENNAN & CARTHEW, for appellant.

W. E. VINER and J. W. RAUSCH, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On February 22, 1907, Raymond Gillette and Jennie Gillette filed a bill in equity against Hiram Plimpton and J. C. Carr, conservator of Hiram Plimpton, and against Flora M. Gillette (who is now Flora M. Reichert), administratrix of the estate of George Gillette, deceased, for a partition of real estate in Grundy county and in Iroquois county, the legal title to which stood in Hiram Plimpton, but of which it was averred that George Gillette, in his lifetime, equitably owned one-half and since the death of George Gillette, Raymond Gillette and Jennie Gillette each equitably owned one-fourth.

On March 1, 1909, Raymond Gillette filed a supplemental bill, in which he alleged the death of his cocomplainant, Jennie Gillette, intestate, on March 23, 1907, leaving said Raymond Gillette her sole heir at law, and that Hiram Plimpton died testate August 30, 1907. The will was made a part of the supplemental bill and it showed that J. C. Carr was made the executor thereof. Thereafter, on February 15, 1911, Flora M. Reichert, as administratrix of the estate of George Gillette, deceased, assuming herself to be a complainant in the original and supplemental bills, filed an amendment to said original and supplemental bills, reciting that the same was filed by leave of court, in which she alleged that during the lifetimes of Hiram Plimpton and George Gillette, they, as partners, loaned out large sums of money to divers persons, and that they loaned $3,000 to Daniel Ragan and Nicholas Ragan on May 27, 1893, evidenced by four notes of said Ragans for $750 each, payable in two, three, four and five years, respectively, after date to the order of Hi-

ram Plimpton and George Gillette, with interest at six per cent. per annum, secured by a real estate mortgage; that one-half of said principal and interest was due to George Gillette; that all the principal and interest thereon was paid either to Hiram Plimpton in his lifetime or to J. C. Carr, his executor, and no part was paid to George Gillette or his legal representatives, and that J. C. Carr, executor, should be required to account for one-half of the principal and interest collected thereon; and the prayer of the bill was amended so as to ask that J. C. Carr, as executor, be required to account to the executrix of the estate of George Gillette, deceased, for all money owned by George Gillette at his death, or by Hiram Plimpton and George Gillette jointly, and which came to the hands of Hiram Plimpton. These bills and amendments were answered by Carr and others.

The answer to the last amendment denied that the money secured by the Ragan mortgage was due to Hiram Plimpton and George Gillette as partners, but alleged that it was only due to them as joint owners. It alleged that Flora M. Reichert, administratrix of the estate of George Gillette, had a complete remedy at law; it denied that said items of principal and interest were paid to Hiram Plimpton or to J. C. Carr; and it averred that an action did not accrue to Flora M. Reichert, administratrix, to recover said items at any time within five years before she filed said amendment. The defendants who filed said answer, filed an amendment to their answer in which they set up that Hiram Plimpton died August 30, 1907, testate; that on October 7, 1907, J. C. Carr was appointed executor of the will of said Hiram Plimpton, deceased, and gave notice for the presentment of claims against the estate of Hiram Plimpton, and that said alleged claims set up in the amendment to the original and supplemental bills concerning the said Ragan loan were not presented against the estate of Hiram Plimpton within one year after the date fixed for the presentation of

such claims, and that complainants were thereby
barred from recovering the same.  No replication
seems to have been filed to said answers to the last
amendment, which alone brought the Ragan indebted-
ness before the court, but the parties went to trial
upon the pleadings and proofs and the filing of a rep-
lication was thereby waived.  There was a hearing,
and a decree which granted in all respects the relief
prayed.  There was an appeal to the Supreme Court·
from that decree.  It was affirmed as to certain real
estate in Grundy county, and in certain respects, at
least, as to the Ragan money, and was reversed in all
other respects, and was remanded to the Circuit Court
for further proceedings in accordance with the views
expressed in the opinion of the Supreme Court, which
is found in *Gilette v. Plimpton*, 253 Ill. 147.

Thereafter the final order of the Supreme Court was
filed in the Circuit Court and further proceedings were
had therein, the real estate and the rents were dis-
posed of as directed by the Supreme Court, and there
was a decree against Carr, as executor, for the moneys
derived from the Ragan mortgage.  Carr perfected an
appeal to the Supreme Court for that decree.  Pursu-
ant to section 81 of the Practice Act, as amended in
1911 (J. & A. ¶ 8618), he filed a *praecipe* directing the
insertion in the record of certain specified pages from
the certificate of evidence filed upon the first appeal,
and also the insertion of a certificate of evidence taken
as to matters occurring at the second hearing, and ap-
pellees filed a *praecipe* for the insertion of certain
other specified pages from said original certificate of
evidence, and the record was thus made up.  There
was no freehold involved in this last appeal and there-
fore the Supreme Court transferred the cause to this
court.  The only parties directly interested in this
appeal are Mrs. Reichert, as administratrix of the es-
tate of George Gillette, deceased, and J. C. Carr, as
executor of the estate of Hiram Plimpton, deceased,

and the only question is whether the decree should be sustained in requiring Carr as executor of the Plimpton estate to pay to Mrs. Reichert as administratrix of the George Gillette estate, one-half of the moneys collected upon the Ragan loan and in making the same a lien upon certain real estate owned by Hiram Plimpton at his death, with an execution to collect said moneys.

Appellant contends that the proof in the record before us does not show that Carr or Plimpton received the moneys upon the Ragan indebtedness, except the last payment, and he contends that the right to collect the same by George Gillette or his administratrix against Hiram Plimpton or his executor has been barred by the statute of limitations for many years, and is also barred by the failure to file a claim therefore against the estate of Hiram Plimpton within one year after the time fixed for filing such claims.   Appellee argues that said contentions were all adjudicated and denied by the Supreme Court in its former decision, and that, if not expressly denied, they were presented for adjudication and were impliedly denied, and cannot be further litigated.   The original decree was not in the record brought to this court by appellant.   Upon examining the case, we conclude that we could not determine the full meaning and effect of the decision of the Supreme Court without having that original decree before us, and we therefore, of our own motion, ordered appellant to file for our consideration a copy of that original decree.   Thereupon appellant filed a copy of the original abstract in the Supreme Court, which purports to set out in full the decree there appealed from, and we treat that as being the decree upon which the Supreme Court passed.   So far as relates to said Ragan loan, said decree was substantially as follows: It found that the wife of Hiram Plimpton was a sister of George Gillette; that they came to Morris, Illinois, in 1850, and thereafter all lived as one family, together

with Jennie Gillette, another sister, until their respective deaths; that from 1850 until George Gillette died in 1894, Hiram Plimpton and George Gillette were partners in all their business transactions and placed all their earnings in one common fund; that Plimpton took charge of the financial part of the partnership business; that from time to time they made loans of money as partners; that on May 27, 1893, as partners they loaned $3,000 to Daniel Ragan and Nicholas Ragan, evidenced by four notes of $750 each, with interest at six per cent. per annum, payable respectively two, three, four and five years after date and secured by a real estate mortgage; that at the end of the first year Daniel and Nicholas Ragan paid $180 of interest to Hiram Plimpton and George Gillette, and that thereafter the Ragans paid the interest and the principal of the said notes as they became due, either to Plimpton or to his agent, J. C. Carr, and that neither Plimpton nor anyone for him ever paid to George Gillette his one-half of said principal and interest, but that the same was, at the time of said decree, held by said Carr as executor of the last will of Hiram Plimpton, deceased, and that Hiram Plimpton died August 30, 1907; that his will was admitted to probate on October 7, 1907; that since about 1900 Carr was the confidential adviser of said Plimpton and from October 13, 1906, until his death, was the conservator of said Plimpton. It was decreed that Carr, as executor of the will of Hiram Plimpton, account to Raymond Gillette for one-half of the principal collected on said $3,000 loan made by Hiram Plimpton and George Gillette, as partners, to Daniel Ragan and Nicholas Ragan on May 27, 1893, and for one-half of all interest collected on said loan from and after May 27, 1894, and pay to the complainant interest at the rate of five per cent. on the entire amount so due the complainant from April 7, 1900, less any amount said Carr may have paid as taxes on said sum and for procuring the release of the mortgage. The cause was referred to

the master to ascertain certain rents on the real estate and also to ascertain the amount of the taxes, if any, paid on said three thousand dollar loan since the principal and interest had been collected, and Carr's reasonable charges for obtaining the release of the mortgage. It was decreed that the amount found due to the complainant on said Ragan loan should be paid by said executor within thirty days after the account stated by the master should be approved by the court. In its opinion, the Supreme Court stated that the statute of limitations and laches were pleaded by the defense. Concerning these notes the Supreme Court said: "The notes collected by Carr, as executor, were payable to Hiram Plimpton and George Gillette, and that was not a matter which it was necessary to submit to the County Court. The share of George Gillette was not collected as assets of the estate of Plimpton but was money belonging to the administratrix of Gillette. Carr, when he collected it, was bound to account to the administratrix for one-half, which she would have been entitled to recover from him personally, in an action at law. But as the court had equitable jurisdiction on other grounds it was not improper to settle the whole matter in the same suit." In conclusion the Supreme Court said: "The decree is affirmed so far as it establishes an equitable title in the homestead property in Morris and requires the executor to account for one-half of the money collected by J. C. Carr on the Ragan mortgage and is reversed in all other respects," and it was remanded for other proceedings in accordance with said opinion. We have been furnished with a certified copy of said opinion as originally filed, by which it appears that the opinion originally read, "The decree is affirmed so far as it * * * requires the executor to account for one-half of the money collected on the Ragan mortgage." We infer that this change was made when a rehearing was asked for.

It is clear that the question whether the estate of Hiram Plimpton was liable for these moneys to the extent found in the former decree was presented to the Supreme Court for decision, and also the question whether the statute of limitations or laches was a bar thereto, and whether for any. reason the decree for one-half of the moneys collected on the Ragan loan was erroneous. These questions were fully presented to the Circuit Court on the first hearing and were determined by the decree adversely to the estate of Hiram Plimpton. If it had been the intention of the Supreme Court to reopen those questions for further consideration, then it seems to us that that portion of the decree would have been reversed, and not affirmed. We cannot conceive that by the change from the words "collected on the Ragan mortgage" to "collected by J. C. Carr on the Ragan mortgage" the court meant that if Carr, as executor or conservator or confidential friend and agent of Plimpton, collected the moneys, then the estate of Plimpton should pay one-half thereof, but that if Plimpton himself collected the moneys, then relief should be denied. Carr was cashier of a bank and the transactions took place or were concluded in his bank, and there was evidence in the former record, and included in the record before us, tending to show that he stated that he had in the bank on deposit to the credit of Hiram Plimpton the one-half of said moneys which belonged to George Gillette. The language of the Supreme Court may have been slightly incomplete in speaking of the notes as collected by Carr as executor, but we think it clear that it is the meaning of that opinion that the executor has the money which was collected on those notes and that no lawful defense exists thereto, and that the decree requiring it to be paid to the complainant was affirmed. The fact that that court did not discuss the grounds on which it was claimed that this matter was barred by the statute of limitations and by laches does

not show that that contention was not considered and decided, nor does it tend to show that the court intended to reopen that question. By the decree so affirmed the only matter left to be considered in the court below concerning the moneys collected on the Ragan mortgage was to compute interest at six per cent. per annum on one-half of $3,000 from May 27, 1894, to April 7, 1900, and interest at five per cent. per annum on the total of said principal and interest from April 7, 1900, to the date of stating the account; and to ascertain what amount of taxes, if any, had been paid thereon by Carr and what expense he incurred in obtaining a release of the mortgage. We conclude that the decision of the Supreme Court is a bar to any subsequent litigation of the question whether because of the statute of limitations or laches or any other matter the former decree was erroneous so far as it required the executor of the estate of Hiram Plimpton to account for one-half the principal of the Ragan loan and interest thereon from May 27, 1894. The original decree directed the accounting to be to Raymond Gillette, who seems to have then been the sole heir at law of George Gillette, deceased, while the present decree directs the accounting to be to Flora M. Reichert, administratrix of the estate of George Gillette, deceased. The latter is correct, and if not exactly in conformity to the former decree, the change does not harm the estate of Hiram Plimpton, and Raymond Gillette has not assigned error upon it.

The decree now appealed from ordered that Carr as executor of the last will of Hiram Plimpton, deceased, pay Mrs. Reichert as administratrix of the estate of George Gillette, deceased, $3,093.59, out of the moneys in his hands as executor and it made that sum a lien upon certain real estate and it gave the complainants execution for said amount. The only pleading by any complainant which sought relief concerning the moneys collected from the Ragans was the amendment

filed by Mrs. Reichert to the original and supplemental bills. It prayed that Carr as executor be required to account to the administratrix of the estate of George Gillette for these moneys, but it did not ask that they be made a lien upon any real estate nor did it ask for any execution. We are not aware of any statute that would entitle appellee to a lien upon any real estate nor to an execution against the executor. Carr is only responsible here in his capacity as executor. The moneys are to be paid by him only out of moneys in his hands as executor. If the personal estate is insufficient, resort to real estate must be had through the County Court in the manner provided by the Administration Act. (J. & A. ¶¶ 49 *et seq.*)

So far as the decree appealed from makes the amount of the Ragan moneys therein referred to a lien upon real estate and authorizes an execution for its collection, it is reversed. In all other respects it is affirmed. Carr as executor, and Mrs. Reichert as administratrix, will each pay one-half of the costs of this appeal, each in due course of administration.

*Affirmed in part and reversed in part.*